**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JOHN VANICK,**

    **Plaintiff,**

**v.**     Case No. 8:04-cv-104-T-TBM

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

## **O R D E R**

THIS MATTER is before the court on Plaintiff's **Application for Attorney Fees Under the Equal Access to Justice Act** (Doc. 21). Plaintiff indicates that the Commissioner does not oppose the motion. See id. Upon consideration of Plaintiff's motion and supporting affidavits, the court awards Plaintiff $3,822.00 in attorney's fees. This amount is to be paid by the Commissioner of the Social Security Administration pursuant to the Equal Access to Justice Act (hereinafter "EAJA"), 28 U.S.C. § 2412(d).

I.

Plaintiff filed applications for Social Security disability benefits and Supplemental Security income payments, which were denied initially and upon reconsideration. The ALJ conducted a hearing and denied Plaintiff benefits, and the Appeals Council affirmed the ALJ's decision. Subsequently, the Plaintiff filed this action seeking judicial review. On

March 17, 2005, this court entered Judgment (Doc. 17) reversing the Commissioner's decision and remanding the case for further proceedings. See also (Doc. 20).

II.

The EAJA requires a court to award attorney's fees and costs to any party prevailing in litigation against the United States, including proceedings for judicial review of agency action, unless the court determines that the position of the United States was substantially justified or that special circumstances exist that make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Three conditions must be established before an award under the EAJA is appropriate. First, the claimant must file a timely application for fees. This requires the fee application to be filed within thirty days of the final judgment. Second, the claimant must qualify as the prevailing party. Third, the government's positions must not be "substantially justified" and no other special circumstances exist to make an award unjust. Myers v. Sullivan, 916 F.2d 659, 666 (11th Cir. 1990).

The first requirement, that the fee application be filed within thirty days of the final judgment, is jurisdictional in nature. See 23 U.S.C. § 2412(d)(1)(B); Myers, 916 F.2d at 666 (citing Haitian Refugee Ctr. v. Meese, 791 F.2d 1489, 1494 (11th Cir.), vacated in part on other grounds on reh'g, 804 F.2d 1573 (11th Cir. 1986)). A "final judgment" is one that is no longer appealable. See 28 U.S.C. § 2412(d)(2)(G); Melkonyan v. Sullivan, 501 U.S. 89 (1991). Since a judgment is no longer appealable sixty days after entry of judgment in Social Security actions, a plaintiff has ninety days from the date of entry of judgment in which to file for EAJA fees. See Fed. R. App. P. 4(a); Myers, 916 F.2d at 672. Here, Plaintiff filed the

2

instant motion for attorney's fees prematurely. However, judgment is now final, and Plaintiff's motion for fees is ripe for consideration.

In a Social Security action, a party who wins a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is considered a prevailing party for purposes of 28 U.S.C. § 2412(d)(1)(A). Shalala v. Schaefer, 509 U.S. 292, 300-01 (1993). Because this court remanded Plaintiff's case pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff, under Schaefer, is the prevailing party. Furthermore, upon consideration, the government's position was not substantially justified in this case, and the Commissioner does not contend otherwise. Therefore, an award of fees under EAJA is proper.

In awarding attorney's fees, the primary factors to consider are the time expended and the hourly rate. Andrews v. United States, 122 F.3d 1367, 1375 (11th Cir. 1997) ("The starting point for determining a reasonable fee award is multiplying the number of attorney hours reasonably expended by a reasonable hourly rate."). The EAJA provides:

> the amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

42 U.S.C. § 2412(d)(2)(A); see also Meyer v. Sullivan, 958 F.2d 1029, 1034 (11th Cir. 1992) ("Congress undoubtedly expected that the courts would use the cost-of-living escalator to insulate EAJA fee awards from inflation."). Plaintiff seeks a total fee of $3,946.97 based on .5 hours worked in 2003 at an enhanced rate of $147.63 per hour, 21.1 hours worked in 2004 at an hourly rate of $151.13, and 4.4 hours worked in 2005 at an hourly rate of $153.13. Plaintiff argues that these hourly rates reflect cost of living increases from the 1996 EAJA

3

amendments to the time the work was performed on the instant motion, as reflected by the Consumer Price Index (hereinafter "CPI") for those years.[1]

Upon consideration, the court finds that increases in the cost of living justify enhancement of the $125.00 hourly rate established by the EAJA. Previously, this court found $138.00 to be the prevailing market rate during the relevant time frame. See George v. Massanari, Case No. 8:00-cv-369-T-TBM (M.D. Fla. June 22, 2001). The relevant time frame in that case was the year 2000-2001. In this case, counsel suggests that an hourly rate of $147.63 is now appropriate for work done in 2003, a rate of $151.63 is appropriate for work performed in 2004, and a rate of $153.13 for work performed in 2005, based on increases in the CPI since 1996 when the EAJA was amended. However, determining the prevailing market rate for work of this type during the relevant time period is not so easily determined. In this court's experience in handling hundreds of Social Security appeals, fee applications under the EAJA for work performed in 2003 through 2005 typically seek hourly rates ranging from $125.00 to in excess of $150.00 per hour. Very competent counsel performing this type legal work routinely seek only $125.00 per hour for their services. While others may find their services under the EAJA to be more valuable, competent counsel are available to provide these services at an hourly rate less than that which the Plaintiff here seeks. The availability of qualified attorneys at the lower hourly rate militates against a higher fee. On the other hand, Social Security counsel perform a valuable service to often needy individuals in dire circumstances. Recognizing that there has been some increase in the cost of living since the court last increased the hourly rate it grants in these cases, and given

---

[1] Attached to Plaintiff's memorandum is a chart of the CPI for 1995 through January 2005 printed from the website of the Bureau of Labor Statistics.

its discretion in these matters, the court now finds that an hourly rate of $147.00 is the fair and appropriate rate for work performed before this court in Social Security disability cases from June 2003 forward.

Accordingly, it is **ORDERED** that Plaintiff's **Application for Attorney Fees Under the Equal Access to Justice Act** (Doc. 21) is **GRANTED in part**.  Plaintiff's counsel is awarded attorney's fees in the amount of $3,822.00 to be paid by the Commissioner pursuant to EAJA.

**Done and Ordered** at Tampa, Florida, this 20th day of June 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record